# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| LISA PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CAPGEMINI AMERICA, INC., and | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| Defendants. | ) |

## COMPLAINT FOR ERISA BENEFITS

## I. INTRODUCTORY/JURISDICTIONAL STATEMENT

A.    **The Parties:**  Plaintiff **Lisa Phillips** is a resident of Shelbyville, Tennessee, residing at 2219 Highway 41A South. Defendant **Capgemini America, Inc**. (hereinafter "Capgemini") is a New York-based entity, with principal offices at 79 5th Avenue, 3rd Floor (10003). Defendant is for profit, non-resident corporation authorized to do business within the state of Tennessee (TN control # 000373509). Capgemini maintains a Tennessee physical presence at 1600 West End Avenue, Nashville, 37203. Defendant **Unum Life Insurance Company of America** (hereinafter "Unum") is a non-resident corporate entity authorized to do business within the state of Tennessee, but with principal offices at 2211 Converse Street, Portland, Maine 04122. Defendant Unum is the statutorily-defined Plan Administrator of the **"Capgemini Long Term Disability Plan, Unum Policy # 226299 021,** copy attached.

B.    **Subject Matter Jurisdiction:**  Upon Defendants' affirmation that the Plaintiff has exhausted all available administrative remedies permitted (confirmed 1-15-2026), Plaintiff presents a claim for ERISA benefits pursuant to § 502(a)(1)(B) of the comprehensive ERISA

statutes (29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(c)(2) and (c)(3)(i) and (iii)). The present civil action is presented by Plaintiff Lisa Phillips as a plan participant and beneficiary, within the meaning of §1132(a)(1)(B) and 1133 (b).

C. **ERISA Standing:** Attached hereto, and incorporated herein (pursuant to 29 C.F.R. § 2520.102-3), is the Plan Description detailing Plaintiff's ERISA rights through her continuing employment at Capgemini. Plaintiff is employed by Capgemini (employer and plan sponsor) as a Director-level employee (FS Level E classification) earning approximately $300,000.00 annually, plus a 20 percent target bonus.

D. **Dispute Description:** (1) Plaintiff, as a plan beneficiary and participant, asserts that the Defendants, as employer and administrators of the plan detailed in the facts summarized below, have wrongfully withheld plan benefits to which Plaintiff is entitled, acting without material evidence to deny the benefits, abusing its statutory discretion in an arbitrary and capricious manner, and causing compensable damages and related attorney fees. Concisely summarized, and described in greater detail below, Plaintiff, a present employee of Capgemini, and subject to the benefits of the below-described plan, suffered a devastating, permanent physical injury, which precludes the Plaintiff's participation in any type of gainful employment, justifying the Plaintiff's entitlement to both short term and long-term disability benefits described in the attached plan. (2) Upon presentation of the ERISA claim for resolution upon the record, it should be determined that: (a) Plaintiff is a lawful employee, and a plan participant at the time the cause of action accrued; (b) Plaintiff timely presented her claim, in proper and complete form; (c) Defendants have declined to provide all material documentation requested, in violation of 29 U.S.C. 1024 (b) (4); (d) Plaintiff has presented unrefuted material evidence regarding the fact of her complete and total disability; and (e) Defendants have wrongfully failed

to provide complete plan documentation, and have withheld payment of long-term disability benefits to which the Plaintiff is entitled, justifying the relief set forth in the cited relevant statutes, and the provisions of the ERISA plan.

E. **Plaintiff's Plan Compliance:** Plaintiff asserts that she has fully and precisely complied with the claims procedures mandated by 29 C.F.R. § 2560-503-1; and, specifically, the claims for disability benefits, within the requirements of paragraphs (b); (c)(2); (c)(3); and (c)(4), of § 502. Plaintiff has been denied her reasonable opportunity for a full and fair review of the claim and adverse benefit determination.

F. **Plan Description:** The ERISA claim is based upon the "Group Long-Term Disability Plan" formulated under ERISA for Plaintiff's employer, Capgemini (policy number 226299 021). Unum is the plan administrator under the terms of the ERISA documents. The original plan date is January 1, 2012.

## II. SUMMARY OF MATERIAL FACTS

A. **Plaintiff's Total Disability:**

1. Plaintiff suffers from a chronic, incurable, advanced, debilitating medical condition known as **"Addison's Disease,"** requiring steroid management.

2. Plaintiff suffers from **diabetes insipidus.**

3. Plaintiff experiences a bilateral foot deformity with related **extremity atrophy.**

4. Plaintiff suffers from **hypothyroidism.**

5. Plaintiff suffers from **Attention-Deficit/Hyperactivity Disorder (ADHD).**

6. Plaintiff is diagnosed with a permanent **pulmonary impairment.**

7. Plaintiff required a **total left knee replacement** in October 2024.

8. Plaintiff required a **total right knee replacement** in February 2025, at which time she was placed on homebound home healthcare through May 2025.

9. Due to the above multiple conditions, Plaintiff sustained serious falls on June 6 and June 8, 2025, sustaining (slow healing) **rib fractures** (and emergent ER evaluations).

10. In June 2025, Plaintiff experienced worsening orthopedic debilitation due to **advancing hip arthritis, decreased bone density, knee swelling with fluid accumulation, and foot atrophy.**

11. Due to the above conditions, Plaintiff required **finger surgery** in November 2025.

B. **Plaintiff's ERISA Claims History:**

1. Plaintiff's medical condition has not materially improved, and has worsened, requiring intermittent, ongoing home healthcare through the present.

2. Supported by unrefuted medical records and physician statements, Plaintiff filed a timely claim for **Short Term Disability Benefits** with the employer and plan administrator in February 2025. Plaintiff was entitled to 12 weeks at 100% of her standard pay rate, followed by a reduced rate for 25 weeks, through August 7, 2025, to be followed by Long Term Benefits.

3. On March 17, 2025, record metadata reflects modification of the 2020 STD master document by Melanie Hyatt without issuance of any summary of material modifications.

4. Plaintiff was notified that the STD benefits would end June 30, 2025. On June 11, 2025, Plaintiff filed an EBSA complaint.

5. On June 26, 2025, Capgemini HR acknowledged "mishandling" Plaintiffs ERISA claims. Without basis, the Employer improperly and unethically (arbitrarily) directed the plan administrator to withhold Plaintiff's LTD benefits, without a factual or procedural basis.

6. With no basis, and no supporting material medical evidence, on July 2, 2025, UNUM issued notice of the STD termination.

7. None of the many treating physicians involved in Plaintiff's complex medical management has released the Plaintiff, to this date, from continuing weekly medical care.

8. Despite the absence in the record of any proof of improvement of the Plaintiff's many conditions that confirm total medical disability, Defendants arbitrarily and capriciously suspended disability benefits, and has paid no LTD at any time.

9. On October 20, 2025, communication from Capgemini (HR) Benefits Leader, Kiran Chandrahasa informed UNUM that Plaintiff was "…in progress of being terminated …" which was a false statement.

10. On December 18, 2025, UNUM reconfirmed approval of the disability period, and, on January 8-12, 2026, UNUM marked the claim in the record as "being paid," confirming direct deposit to Ascend Federal Credit Union.

11. On January 14, 2026, the ERISA (Sec. 503) deadline expired without issuance of a compliant adverse determination.

12. On January 17,2026, Plaintiff notified Employer Capgimini and UNUM of the factual details and documentation related to her mishandled ERISA claims.

13. UNUM and Capgemini have labeled the Plaintiff's file as "closed."

14. Plaintiff has submitted a complete and technically compliant claim for disability benefits, along with supporting, unrefuted medical evidence.

15. Plaintiff will submit the entirety of her administrative claim, documenting the allegations set forth in the Complaint, following the initial case management conference.

C.      **<u>Other ERISA-based claims handling deficiencies:</u>** Plaintiff cites the following specific deficiencies in the mishandling of her disability claim:

1.      Unum was provided an incorrect "Level C" code, instead of her correct "Level E" code.

2.      The administrator has provided to the Plaintiff a selective disclosure of the "STD SPD," and conflicting LTD plan documents (2016 and 2018) in the claim file. Unum provided their most recent version of the Summary Plan Description from 2020, prior to her taking leave, with subsequent confirmation that the 2020 version is alleged to be the most recent SPD on file with Unum. The original contract between Unum and Capgemini started in 2020, and has not been adequately documented. Plaintiff's short-term disability claim was based on the 2020 Summary Plan Description, resulting in an erroneous processing of the claim. Unum and Capgemini ended their contractual relationship on July 1, 2025, when Capgemini transferred the plan management to another company (the Hartford). Plaintiff has received no disability pay or other form of payment since that transfer occurred on July 1, 2025, with no explanation or excuse provided.

3.      In contrast to the credible, detailed documentation of the above-referenced treating physicians, Defendants have undertaken only a shallow and cursory medical review, which disregards the material requirements of the plan. The physician selected by the Defendants conducted no in-person examination, and no documentation has been provided to the Plaintiff which would detail the documents selectively provided for that medical review. The review was submitted after the ERISA deadline has expired, and was limited to a very narrow orthopedic scope, entirely disregarding the cumulative medical issues which produce the Plaintiff's total medical disability. The scant, self-serving medical report was inserted in the administrative claim

file, with no resulting explanatory denial letter forwarded to the Plaintiff, in contravention of the requirements of the plan. Upon receipt of that putative medical report, Unum marked the claim "closed;" issued no payment; and issued no ERISA-complaint denial notice. Plaintiff has been forced, at a substantial loss, to liquidate her retirement assets.

4. Unum has attempted to deflect responsibility for its mishandling of the purported medical evaluation to a third-party vendor (Dane Street), asserting that the improper scheduling did not occur through Unum. Unum's response:

 (a) It does not re-issue a compliant IME notice;

 (b) It does not cure the prior notice defects or inconsistencies (voicemail versus portal versus location);

 (c) It does not toll or address the ERISA deadline that it missed (January 14, 2026) when the claim was inexplicably marked in the Unum system as "being paid," but with no funds having been issued; and

 (d)  It appears to be a non-substantive acknowledgment of the errors, rather than a corrective action.

5. There exists an unexplained confusion with varying versions of the SPD, in the context of Plaintiffs entitled to both short-term disability and long-term disability  benefits. The instruments reference different governing dates. An email between Capgemini's HR office and plan administrator Unum ponders whether the 2016 or 2018 plan should apply to the Plaintiff's claim. That unresolved indecision has continued to result in procrastination by both companies, prejudicing Ms. Phillips' rights pursuant to ERISA.

6. There exists an FS classification variance, with the director/E-level incorrectly coded at "C," directly prejudicing, without explanation or attempt to correct, the Plaintiff's ERISA benefits.

7. UNUM's confusion regarding the Plaintiff's status has resulted in missed and/or delayed 401(k) contributions, predictably resulting in an expensive, long-range loss impact on the Plaintiff's financial circumstances.

8. Both the employer and administrator documents appear to falsely label Ms. Phillips as being delinquent in a conclusory-based (undocumented) statement of her duty to return to active employment, notwithstanding overwhelming medical evidence, based on cumulative (*i.e.*, many non-orthopedic) medical disabilities that demonstrably prove the contrary.

9. The Plaintiff's repeated requests for confirmation of her medical status (both in the context of her initial—now inapplicable—ADA options, were simply ignored, ultimately prejudicing her ERISA claim).

10. Plaintiff experienced payroll irregularities during the initial period of her active medical leave, with no explanation provided in response to her multiple requests for clarification and correction.

11. FS-specified class and level documentation has not been provided to the Plaintiff, despite the impact on the bonus structure, retirement contributions, and the calculation of her entitlement to STD/LTD benefits.

12. The incomplete Unum claim file documents provided to Plaintiff reflect missing medical records, and the above referenced unilateral cancellation of her request for a medical record review on July 23, 2025, despite her submission of additional records. Correspondence in Plaintiff's possession confirms that, without a factually documented premise, Capgemini's HR

office simply told Unum "not to pay the claim." The Unum appeal submitted was incorrectly attached to a closed 2021 STD claim. Generally, Unum, as plan administrator, has grossly mishandled the Plaintiff's ERISA-governed claims.

13.    The general mishandling of the Plaintiff's ERISA claim involves lost documentation; incorrect occupational information; missing (and/or self-serving) medical evidence; factually incorrect statements by the employer; and documented procedural errors that have resulted in the apparent final denial of the claim.

### III.  PLAINTIFF'S CLAIMS FOR RELIEF

A.    **Recovery of Benefits:**    Pursuant to 29 U.S.C. 1132(a)(1)(B), Plaintiff asserts entitlement to the accrued STD benefits through August 7, 2025; accrued unpaid LTD benefits (commencing August 8, 2025); and a declaration of continued entitlement to LTD benefits in accordance with the Plan provisions.

B.    **Statutory Penalties for non-compliance:**  Plaintiff asserts entitlement to an assessment of the statutory penalty against Defendants Unum and Capgemini, based upon their failure to provide, in a timely and complete manner, the documentation which purportedly authorizes the denial of the Plaintiff's claims under the terms of the plan, pursuant to 29 U.S.C. § 1144(a); 26 U.S.C. § 514(a); 29 U.S.C. § 1021(f)(1); and 29 U.S.C. § 1132(c).  Defendant has failed to provide to Plaintiff the requested, complete plan documents and administrative records.

C.    **Breach of fiduciary duty; interference and retaliation:**

1.    Pursuant to 29 U.S.C. 1140, Plaintiff alleges that Defendant knowingly processed Plaintiff's claim under patently, demonstrably incorrect designations. Defendant modified plan documents without notice. The claim was marked "being paid" with no actual payment.   No

timely, documented denial has been issued, with the claim now labeled "closed" after the statutory deadline.

2.      29 U.S.C. 1140 prohibits an employer from discharging, disciplining, discriminating against, or otherwise interfering with a plan participant for the purpose of interfering with the attainment of any right to which the participant may become entitled under the plan terms.

3.      Plaintiff engaged in protected activity by:  filing and pursuing STD and LTD claims under Capgemini's ERISA-governed plans; seeking continuation of disability benefits; objecting to improper and misleading claim administration and payroll irregularities, and filing regulatory complaints.

4.      In derogation of Plaintiff's protected activity, Capgemini engaged in adverse and interfering conduct, including but not limited to:

(a)      Communicating with the insurer/administrator for the purpose of blocking or minimizing Plaintiff's claims;

(b)      Overtly directing the administrator to deny the valid claim;

(c)      Purposefully misclassifying the Plaintiff's employment or leave status while she remained totally disabled;

(d)      Providing inaccurate and misleading occupational information to the plan administrator;

(e)      Causing Plaintiff's claim to be processed under an incorrect claim designation;

(f)      Causing payroll irregularities that adversely affected the payment of STD benefits;

(g)     Retroactively and falsely claiming overpayments;

### IV.  SPECIFIC REQUESTS FOR RELIEF

A.     Judgment for unpaid STD and LTD medical disability plan benefits, with accrued interest;

B.     Production and filing of the full administrative record;

C.     Damages for fiduciary breach and plan interference;

D.     Statutory penalties, 29 U.S.C. 1132 (c);

E.     Attorney fees and costs;

F.     Equitable relief pursuant to 29 U.S.C 1132(a)(3);

G.     Such further and general relief to which Plaintiff may be entitled.

Respectfully Submitted,

**BURGER LAW FIRM**

***/s/Wm Kennerly (Ken) Burger***
**Wm Kennerly (Ken) Burger, BPR # 3731**
Attorney for Plaintiff
12 Public Square North
Murfreesboro, TN 37130
Telephone: (615) 893-8933
Facsimile: (615) 893-5333
kenburger@comcast.net